IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION



**FILED**

JUN 2 5 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| ANDREW J. DAVISON | CASE NO. |
| 253 13th st | **1:24 CV 01076** |
| Elyria, OH, 44035 | JUDGE |
|     Plaintiff, | **JUDGE BARKER** |
| | |
| VS. | JURY |
| | |
| CITY OF LORAIN, | |
| 200 W. Erie Avenue | |
| Lorain,OH, 44052 | |
| | |
| CITY OF ELYRIA, | |
| 131 Court Street | |
| Elyria, OH, 44035 | |
| | |
| COUNTY OF LORAIN, | |
| 226 Middle Avenue 4th Floor | |
| Elyria, OH, 44035 | |

CLERAC,LLC,

301 N Leavitt Rd

Amherst, OH, 44001


LAKEVIEW COMPLEX LLC

2538 W. Erie Avenue #2

Lorain, OH, 44053


### JURISDICTION AND VENUE

1) This Court has original jurisdiction over the plaintiffs Civil Rights claims under 42 U.S.C. 1983 et seq and the United States Constitution; all pursuant to 28 U.S.C. 1331 ( federal question) and 28 U.S.C. 1343 to review the claims of Using the Sham Legal Process O.R.C 2921.52, Monell Claim, Right to Due Process, Misconduct, Illegal Search and Seizure, Acting as a rubber stamp for the police, Discrimination, Making False Statements, Deny a citizen the grievance process, Threats and Harassment, Right to reasonable bond, Wrongful imprisonment, Unlawful arrest, Grand Jury tampering, Falsifying report numbers.


2)Venue is proper in this jurisdiction under 28 U.S.C. 1391 (b) because all of the events that support the plaintiffs' allegations occurred in this judicial district. Further, all of the defendants reside in this judicial district.

3)Plaintiff Andrew Davison is a resident of Lorain County, Ohio.

4)Defendant City of ( "Lorain") was and is a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio acting under the color of law. Defendant Lorain County is the employer and principal of Defendants

Victor Perez, John Miraldi, Lisa Swenskiy, clerks, unnamed. Cielo Rodriguez, Brent Payne, Kyle Gelinus, Mallory Santiago, Mark Mihok, Chief of lorain Police, Patrick Riley. And is responsible for the policies, practices, and customs of the city of Lorain. Defendant Lorain is responsible for ensuring that all of its policies, practices, and customs are in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care

5)Defendant City of ("Elyria") was and is a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio acting under the color of law. Defendant Lorain County is the employer and principal of Defendants Sgt. Walker 329, Greg W. Drake 079, Lee Frank, Perkins 264, Prosecutor Matt Kishman, Judge Robert C. White, Judge Gary C. Bennett, Jebb Larson and all unnamed officers and clerks. And is responsible for the policies, practices, and customs of the city of Elyria. Defendant Elyria is responsible for ensuring that all of its policies, practices, and customs are in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care.

6) Defendant County of Lorain was and is a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio acting under the color of law. Defendant Lorain County is the employer and principal of Defendants Mark Maraldi, Baliff Beverly, Lisa Swinsky, Melissa Kobasher, Victor Perez, unnamed clerks. And is responsible for the policies, practices, and customs of the county of Lorain. Defendant Lorain County is responsible for ensuring that all of its policies, practices, and customs are in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care.

7) Defendant CLERAC,LLC is a business in Amherst, OH residing and doing business in the state of Ohio in the Northern District of Ohio meaning they must comply with all state and federal privacy policies. Defendant CLERAC,LLC broke the privacy agreement when they gave Mr. Davison's phone number, address, and other personal information to Det. Rodriguez without a warrant unnamed clerk and narrative report confirm as well as phone call with "lance". Defendant CLERAC,LLC is the employer of the unnamed individual

who gave Det. Rodriguez Mr. Davison's personal information. Defendant CLERAC,LLC is responsible for ensuring that all the policies, practices, and customs are in compliance with federal and state law, department or agency policies rules, and regulations and related standards of care.

8) Defendant LAKEVIEWCOMPLEX,LLC is a business in Lorain, OH residing and doing business in the State of Ohio in the Northern District of Ohio meaning they must comply with all state and federal privacy policies and landlord laws. Defendant LAKEVIEW,LLC ("Denise Nieto") broke the privacy agreement and contract with Mr. Davison and violated the contract and landlord laws by allowing the Lorain police to enter his home only because they had keys in their official compacity to do so without notice or cause. Defendant LAKEVIEW,LLC is the employer of Denise Nieto. Defendant LAKEVIEW,LLC is responsible for ensuring that all the policies, practices, and customs are in compliance with federal and state law, department or agency policies, rules, and regulations and related standards of care.

9) Plaintiff anticipates that there will be other individual defendants, not currently known by name, who were employed by and/or were agents of Lorain and who bear liability for the allegations, herein. Because Plaintiff does not currently know the names of all such individuals, they are identified in this complaint as John Does I-X. Plaintiff may seek to amend this complaint to add them as individual defendants as discovery and investigation progress. All acts and omission's of John Does I-X were done within the course and scope of their employment, under color of state law, and under authority of their positions as employees of Lorain county, city of Elyria, city of Lorain they are sued in their individual capacities

FACTUAL ALLEGATIONS

(1) On 01/03/2023 Plaintiff ring camera notified me that someone was at my door. When i opened the ring app to see who it was it was 4 men dressed in police gear and riot shield. Two were

later identified as Det. Cielo Rodriguez #3312 and Det. Brent Payne the other two have yet to be identified. I then activated my ring app microphone and asked the officer's how i could help them? In which they refused to respond. Det. Cielo Rodriguez then proceeded to remove my ring camera from its fixed location causing "Serious physical harm to property" as defined in Ohio Revised Code 2901.01 (A)(6)(a)(b)-(10)(a)-(11)(a). Mr. Davison is protected under the Ohio Constitution Article I Section 1 (Inalienable Rights). Also The United States constitution 14th Amendment. And that under Ohio Revised Code 2307.61(A)(1)(a)—(b)(ii). Mr Davison is entitled to releif for the damages commited to his property. Det Rodriguez is a police officer for the city of lorain so he should have completed Peace officer basic training as well as Det. Payne and the two unidentified officers article 109:2-1-16 (A)(B)(C)-(1-13) states the training covered so he knew he was commiting a violation to my property. The ring camera cost me $119.99 plus tax and was destroyed so I am Seeking $150 pursuant but not limited to Ohio Revised Code 2307.61 (A)(1)(a)(iii) I would like to also recieve liquid damages in the amount of $400 dollars 2307.61 (A)(1)(b)(ii). I would also like a mandatory training and evaluation by police officers in the city of lorain.

(2) After Det. Rodriguez removed and damaged my property the LANDLORD/AGENT Denise Nieto for LAKEVIEW COMPLEX LLC 2538 W. ERIE AVENUE #2 LORAIN, OH, 44053 Is heard on the audio stating "That she had a key to let them in and to please not kick in the door" Mr. Davison is heard stating hello. By offering the police entry without cause or reason Denise nieto is automatically in breach of the lease agreement (See Exhibt 1) Lease Agreement page ID (3/8)-XIII (G)(H). Also see Ohio Revised Code 5321.04 (A)(7)(8) (Landlord Obligations). Being Ms. Nieto had the keys to give the police entry into my apartment in her official capacity as LANDLORD/AGENT

Therefore making LAKEVIEW COMPLEX LLC in breach of the Lease Agreement and reliable for damages under Ohio Revised Code 5321.04 (B). And Mr Davison is entitled to but not limited to "Actual Damages" "Injuunctive Relief" and obtain a judgement for reasonable attorneys fees, or may terminate the rental agreement. See also Ohio Bar Obligations as landlord and how it is deemed a invasion of privacy. See OHIO Constitution article I, Section 14 . "The right of the people to be secure in their persons, houses, papers, and possessions against unreasonable searches and seizures shall not be violated". Det Rodriguez, Payne and the unidentified other two officers "Which shall be reveiled through discovery and depositions" entered my home illegally violating previous stated codes as well as U.S.C Rule 41. All named and unamed individuals are liable for damages incurred. The police being sworn to uphold the united states constitution as well as the ohio constitution swore oaths to uphold intentionally or by way of negligense colluted with Ms Nieto to violate Mr. Davison rights therefore also commiting Dereliction of duty Ohio Revised Code 2921.44 (A)(1)—(B)—(E)—(F). For the reasons set forth i seek no less than one million dollars and no more than fifty million from both partys. I would also like O.R.C 2921.44 (F) enforced. I also seek a program to watch over and protect the rights of both constitutions from people acting under the color of law being negligent to such extent. I would like a investigation launched by the FBI and atorrney general of ohio on the police department of the city of lorain to see if this a common policy by the lorain police department.

(3) At that time Mr. Davison then called Alfred Preston his federal parole officer and asked him if he had a warrant for his arrest. In which Mr. Preston stated not to his knowledge at which time i called 911 and asked why the police where at my home destroying my property and entering my home illegally. In

which she stated its a investigation not one time informing me of a arrest warrant. But gave me a phone number to call. ( I would like to note that at this time i do not have the 911 call from being denied any evidense for the alleged case and any investigations. But by way of discovery and local and state rules the 911 call can be retrieved by way of discovery and subpeona in which numerous officials of lorain county have told me i need to get request granted. Mr. Davison called the phone number and a unidentified male answered told me to hold on as soon as i said hello and a few mintues no more than 2 or 3 and a voice came on saying rodriguez and that he wanted to meet and talk with me i stated i was already at the lorain police department. ( Subpeonas for camera footage will show me in the lorain police department at what time exactly while waiting for the police to exit my home which they had no leagal right,standard,or request to be in not even a record of a Ohio Revised Code 2933.231 (A)(1)(2)—(B)(4) (Waiving Nonconsenual entry).

(4) Mr. Davison stated to Det. Rodriguez that he had tried to make verbal contact by way of the ring device and Det. Rodriguez stated that he knew and that he was in route to the station to meet me and never mentioning any warrant for my arrest. While Mr. Davison was sitting in the lobby a side door opened on the right side of the building and Det. Rodriguez and Det. Payne entered the room. Det. Rodriguez stated and Andrew in which Mr. Davison stated yes and he stated you are under arrest i have a warrant for drug trafficking. Det. Rodriguez read me my rights asked if Mr. Davison wanted to speak with him in which Mr. Davison responded no. Mr. Davison was placed in the first door to the left of the door entered with Det. Payne. Det. Payne then proceeded to search Mr. Davison taking a unidentified amount of U.S Currency from Mr. Davisons person believed to be 3,300 to 3,500 being it was the third and i was

paying bills that day. Also taken was a red iphone 11. Det.
Payne started counting the U.S. Currency and stopped midway
and asked Mr. Davison " You dont even care about how much
we got you for?" in which Mr. Davison responded i dont traffic
so no I do not care about how much when you should have of
told me that when you arrested me. Det. Payne went back to
counting the money and stopped again without completeing it
placing the money in one envelope and cellphone in another.

(5) Det. Payne and Mr. Davison sat quietly until Mr. Davison was
told the ride was there which was a female officer only known
by Officer Sugerik. Det. Payne had handed my property to
officer Sugerik and we were walking out of the door when Det.
Rodriguez came running from a unknown location and took my
property from Officer Sugerik and stated he was seizing them
due to his investigation. ( Ohio Constitution article I Section 14
states "The right of the people to be secure in their persons,
houses, papers, and possessions, against unresonable searches
and seizures shall not be violated.) ( Also Federal Rules of
Criminal Procedure Rule 41) ( Ohio Constitution article I Section
16) ( Ohio constitution Article XV, Section 7) ( O.R.C 177.03
(D)(2)(a)—(D)(2)(b). ( O.RC 737.29). Being Det. Rodriguez never
requested or was issued a search warrant and being a peace
officer he knew he had no legal right to take or seize any
property from Mr. Davison (See Ohio Rules of Criminal
Procedure 41 (A)(B). And meant to decieve Mr. Davison that is
was lawful knowing it not to be based off training. Therfore
comitting dereliction of duty ( O.R.C. 2921.44 (B) ). By Det.
Rodriguez doing this its a sign of a patteren or exstreme
disregard for law. By Mr. Davisons money was taken illegaly
and intentionally with purpose to decieve or defraud Mr.
Davison suffered damages and lost to business based off my bill
money being taken as well as the bail set in such matter. And
without search warrant or forefeture form he knew he had no

legal reason to take my property. Therefore after loss of funds causing me to fall behind i seek my full 3,500$ choosing the higher number returned to Mr. Davison immediatly (O.R.C 2933.241). (O.R.C. 2933.26) (O.R.C. 2941.1417 (A))---O.R.C. 2981.03 (A)(4) ) and the placing the amount he wished intentionally commiting theft ( See O.R.C. 2913.02 (A)(1)(2)(3)(4)(5)—(B)(1). Det. Rodriguez was the last person seen with my money and property so he is responsiable for it even though Det. Payne had it first he also failed to follow law and rules on property and money requirements both completeing the ( Peace officer basic training ( 109:2-1-16 (A)(B)—(C) 1-13.). Both also swearing to uphold the ohio state constitution and united states constitution intentionally comitting dereliction of duty. For the above mentioned Mr. Davison seeks a immediate return of 3,500$ his red iphone 11 as it states property shall be returned without the proper request. A mandatory standard implicated to make sure peoples rights and property are protected. Both Det. Payne & Det. Rodriguez fired immediatly and charged with theft. A investigation by the F.B.I and attorney general in ohio. A program or commitee established to set standards as well as investigate misconduct outside of the police department or law director who seeks no gain or loss in the investigation.

(6) I stated I had not seen a search and seizure form, nor had i seen the amount of money Det. Rodriguez had taken. I had been paying bills on that date and did not have the exact remainder but had left my home with 4,000$ and belived to be 3,300 to 3,500 U.S dollars one rubberband containing 2,000$ and another holding the remainder of the other 2,000$. Det. Rodriguez stated Mr. Davison would probabaly get the money back but right then he was seizing it due to his investigation Mr. Davison stated to Det. Rodriguez that he was in handcuffs how can you still be investigating me? And Det. Rodriguez did not

respond. ( All the above mentioned was on camera so with discovery this incident can be comfirmed). Mr. Davison was then transported to the Lorain County Jail by officer Sugerik where I was allowed to make my first phone call to my family and seek councel and inform them of my situation. ( See O.R.C. 2935.20 right to counsel)( O.R.C. 2933.21—2933.22—2933.23—2933.231—2933.24—2933.241—2933.25—2933.26—2933.27). By the whatever policy is in place Lorain Police Department is not following rules of the state of ohio and or the united states constitution or higher courts rulings. For the above mentioned Mr. Davison seeks damages in the amount of 75,000$ and a commitee or board put into place to govern and watch over the lorain police departments allegations of wrongdoing intentionally to protect the rights of the people as well as having a phone placed in a room of privacy so a individual can make his phone call allowed and governed by law without cameras or recording the call entitled to the individual. I would like Det. Rodriguez fired and charged.

(7) At the Lorain County Jail Mr. Davison was advised by the corrections staff that he had no bond and that no paperwork was left advising charges. So Mr. Davison had to appear in front of the court the next day by way of zoom from the lorain county jail for arraignment and bail and reading of the charges. When it became time for bail the court asked the prosecution recommendations ( See O.R.C. 2937.23 (A)(3)—2937.011) which must be a policy of the city of lorain or a common thing or a pattern allowed by the court. This action opened the door for discrimination against Mr. Davison because even though the court was addressing Prosecutor Mallory Santiago if was Det. Rodriguez who responded requesting a bond of 100,000$ dollars and a gps without a moment of consideration bond was set as such requested. I contacted Malinda Hughes and let her know I would like to post bail and Ms. Hughes advised Mr.

Davison that they were charging Mr. Davison 320$ a month to have the GPS. Upon the release of Mr. Davison a indivdual only know as "Butch" the owner of a private company "LOCKUP LLC" was in the lobby of the lorain county jail to place the GPS on Mr. Davison he also advised Mr. Davison that he would have to make a monthly payment of 320$ to remain on bond. Mr. Davison was upset about this learned information being he had to just pay 10,000$ cash to make bail with a additional 320$ a month and the loss of 3,500$ and cellphone in which had to be replaced to contact Alfred preston to advise him of his arrest as well as retain counsel to defend against the allegations brought. At that time Mr. Davison felt discriminated against and still had the burden of paying bills that come from life and as a business owner. Mr. Davison suffered a loss of 3,500$ cash taken another 10,000$ dollars to post 10% of bond 320$ for a GPS another 1,000$ cellphone a loss making him become two months behind on bills and retainer fee for Attorney Anthony Baker and a new iphone to report the situation to Alfred Preston and have means for him to contact me. For the above mentioned Mr. Davison request a complete return of all money involved because (Ohio Constitution as well as United States Constituition have set rules and laws in place to protect people from this) at the time and quickness of the court to set the exact bond that Det. Rodriguez stated he neglected the considerations of bond so i was paying for a GPS who was being monitiored only by "Butch" the owner of LOCKUP LLC. And Det. Rodriguez last statement to Mr. Davison was he was seizing his money and property for his investigation in which was on-going according to Det. Rodriguez. Mr. Davison believed this to be unconstitutional in so many ways that he would have to pay 320$ a month to a private company who is former Lorain Police Officer by the way. Mr. Davison felt he was being extorted by the criminal justice center in lorain county because the

requirements were set-up for Mr. Davison to fail and Mr. Davison has missed maybe two court apperances in 41 years. Mr. Davison would also like a commitee or board established to govern and watch for these misjustices in law effecting life, liberty, freedom, and money. Mr. Davison would also like the Judge or magistate questioned and reviewed on his decision making as well as what rules he followed in setting bond or policy followed. I would like a FBI investigation and attorney general of ohio investigation. Damages in the amount of 100,000$ a complete vacation of the charge and conviction and all rights restored. I would also like a policy put in place to make it forbiddable for retired law enforcment and gover"t officials to profit off the criminal justice system in anyway being it is motivated to cause curroption. I would like a policy put into place leaving bond determinations to the court only without recommendations from police and or prosecutors like the ohio revised code states. By way of discovery there are no paperwork showing the Judge Mr. Davison appeared in front of by way of zoom so discovery request and depositions will get the remaining facts on this matter but as of now the record doesnt even show it happened in which it did.

(8) On 01/04/2023 at 7:43pm Mr. Davison (See Exhibit #2 Text between Mr. Davison and Alfred Preston) contacted Mr. Preston to advise him of his contact with law enforcement and arrest as he is ordered to do on federal parole. (See 28 CFR 2.204 (a)(4)(ii). Updating him of the charges against Mr. Davison and bond. Mr. Davison also retained Attorney Anthony Baker to represent me and my preliminary hearing was set for 01/10/2023. I had not heard anything from Attorney Baker to present so I did not know what to expect or what would happen at court but I did notify Mr. Preston of the date and time. Mr. Davison had not had any conversation with Mr. Baker being he somehow happened to walk into the courtroom at the

exact moment my name and case were called. Mr. Davison approached and asked Mr. Baker what would be happening that day and Mr. Baker advised Mr. Davison of the following that he planned to request a continuance being the police and prosecution had given him zero evidence or police report and Mr. Davison had not still been given any paperwork from anyone. So we did not know what they would present other than testimony of Det. Rodriguez. At that time Mr. Davison asked Attorney Baker could they dismiss if the State has no evidence? In which Mr. Baker stated the Judge would accept whatever the police say and find probable cause. Mr. Davison stated well lets see what he has to say sense nobody has any reports. Judge Mark Mihok asked Mr. Davison and Mr. Baker what we wanted to do? And Mr. Davison told Mr. Baker the only way that im not having my hearing today is if they remove the GPS because I was in fear of my safety being I had been through false 5 false warrants in the past by the elyria narcotics drug task force with no records of them ever being issued or returned but on record saying its a official document. (See Exhibit #3 Freedom of Information request to Judge John Miraldi). (See Lorain County Docket/case number 16CR093110 filings for dates of 01/20/16--05/05/2016--05/11/2016--06/15/2016--07/11/2016--08/11/2016--08/15/2016--08/31/2016--09/02/2016--06/09/2017-----Exhibit #4).

(9) Attorney Baker stated to the court that he wanted to file a motion for a continuance in which we had not discussed at all so i was shocked by that ( See Exhibit #5 Preliminary audio starts at 23:06) Mr. Baker than stated on audio that he wanted to do a bond modification in which Mr. Davison had discussed with attorney baker. Mr. Baker stated his side and Judge Mark Mihok asked the prosecution for a response in which Mallory Santiago stated that they would still like to keep the GPS on and the reason being that Mr. Davison was on parole and that

Det. Rodriguez had contacted Alfred Preston and she proffered the statement that Det. Rodriguez stated that Alfred Preston said the cumminication between the two had not been outstanding. ( This statement was made directly after Attorney Baker statement that Mr. Davison had been in contact with his federal parole officer). (See Evid. Rule. 201 (A)(B)(C)(D)(E)(F) ) and Mallory Santiago went on to state that the federal parole officer feels the need is necassary to know where he is at. Mr. Davison immediatley states when she is finished thats not true your honor and everything stated is a complete lie. Mr. Davison then states that he had indeed spoken to his parole officer and everything just stated by prosecutor Mallory Santiago was completly false. Mr. Davison then goes on to state he has had incidents with elyria and lorain police before and its kind of shady and that he fears for his saftey. ( See OHIO CODE OF JUDICIAL CONDUCT RULE 2.2—AND COMMENT) ( See OHIO CODE OF JUDICIAL CONDUCT RULE 2.3 (A)(B)(C)(D)— 2.4(A)(B)(C)—2.15(A)(B)---2.16---1.2 ( Comment (1)(3)(4)---2.7) ( See Ohio R. Prof'l. Cond. 4.1 (a)(b)-----( Misrepresentation(1). At this point you have Mr. Davison and Mr. Baker saying one thing and Det. Rodriguez and prosecutor Santiago saying the complete opposition on a motion to modify bond the Judge nor the prosecution nor Attorney baker tried to correct the record or protect the record after what happened next not only did Judge Mark Mihok deny my motion nor investigate or correct the matter he actual violated my rights to the constitution as well by not making sure i had reports or see the charges or any paper he proceed to then ammend my bond without cause causing more suffering and injury now placing Mr. Davison on "CSR" Lorain County Adult Probation program for (Pretrial Court Supervised Release Program "CSR" See Exhibit # 6) this program states its used to "This program was designated to relieve the overcrowding of the Lorain County Jail of Felony

pretrial detainees. Detainees are interviewed by program staff to determine eligibility for the program. After investigation, a request is made of the Court of Jurisdiction to set a personal bond and be released to the program, thus relieving overcrowding issues of the Lorain County Jail". Mr. Davison lost all trust and or confidense in the criminal justice system Mr. Davison was just placed on a program that people get personal bonds for but felt discriminated against because he was just lied on and tried to defend himself and offer proof but was ruled against and then had to accept that he just paid 10,000$ plus 320$ a month and still required to pay to be on another form of probation that everyone except him gets for free. For the above mentioned Mr. Davison seeks a full return of the 10,000$ bond money the 320$ forced to pay while on GPS and "CSR" for 11 months totaling 3,520$ Attorney Fees for Mr. Baker. Mr. Davison would also like a investigation into all involved questions and depositions. I would like a policy or ordiance to prevent this from happening ever again to anyone governed by rules and standards with no individual of the current or past positions but people of election and removal. I would also seek 500 million for the injurys incured.

(10)     Judge Mark Mihok then responded its not ok to pick up charges on federal parole. Mr. Davison responded I understand that but i have not seen any paperwork saying charges or anything else so im maintaining my innocense. Judge Mihok then stated the charge like everyone else had but still not give me any paperwork he denied my motion and tried to grant Attorney Bakers motion in which Mr. Davison believes him to be in collusion with the Judge Mark Mihok and Det. Rodriguez and prosecutor Mallory Santiago because he clearly had found out information pertaining to the case but also did not supply Mr. Davison with any paperwork. You can hear Mr. Davison and Attorney arguing about getting the continuance and Judge

Mark Mihok states to Mr. Davison in a sarcastic manner "well lets have the hearing then I dont care" but Mr. Davison did care it was his life, liberty,freedom,money,family,business at risk and it was made clear from everyone present there was to be no right to due process for me in any manner. (See OHIO CODE OF JUDICIAL CONDUCT Rule 1.2) (See Exhibit #5). For the above mentioned i would like a investigation by the FBI and Attorney General for Ohio as well as the bar association. Judge Mihok immediatley removed from the bench as well as a organization to watch over and govern lorain county courts from every angle as well as clerks. Damages in the amount of 1 million dollars and all conduct reported for disiplanary review.

(11)     At 44.44 in exhibit #5 Judge Mark Mihok ask "so you want to start the preliminary hearing" and then calls Mr. Davison and his counsel Attorney anthony Baker it has already been established by Mr. Davison as well as Attorney baker we have not been given 1 piece of paperwork pertaining to the case at hand Judge Mark Mihok knew this and still started the hearing in clear violation of ( Ohio Crim. R. 5(A).)---( Ohio Crim. R. 5(B)(2).) states that a prosecutor can state the case orally then proceed to call witnesses and admit evidence. Instead Det. Rodriguez was called straight to the stand and proceed to narrate his version of events after he just lied on the record and made a false statement. In Det. Rodriguez own admittion he states he has not 1 piece of certified evidence he has no video he did not witness anything he is literally repeating procedures that every police officer in america is required to do and say by law when it should have been the "CI" he is stating all hearsay and self ceated events with O eveidence to support it. He just admitted to using the Sham Legal Process against Mr. Davison ( See O.R.C 2921.52 (A)(1)(2)(3)—(4)(a)(b)(i)(ii)—(c)---(B)(1)(2)(3)(4)---(D)---(E).) For the above mentioned I would like complete expungment of all criminal records of Mr. Davison

and all rights fully enstated immediatly. Mr. Davison would like a criminal investigation launched into the city of lorain county of lorain as well as the city of elyria by the FBI, DOJ, Attorney general of ohio as well as all involved and all that know clerks,judges,police,probation,ohio department of corrections. Mr. Davison would also like a committee or board formed to prevent this from every happening again in this state,country,land that he himself can be a part of. Mr. Davison also request all money and property returned immidealy as well as reimbursment of attorney fees, bail money,GPS money. Mr. Davison would like a payment of 500 million dollars each from the city of lorain, the city of elyria, and the county of lorain. For all damages incurred Mr. Davison has spent 18 years of is 41 years incarcerated due to the sham legal process violating all rights simply because they could because they had the power to do so and the motivation was race, greed of money and power. To take money and keep bail bonds money and donations from issuing warrants on the docket to forefiture bond money and deposit into general funds account to distibute to programs that local Judges and Prosecution sollict through courts by way of programs that they sale at a cost. Judge Mark Mihok is heard doing so clearly (See Exhibit #5 at 28:20 of the audio). You can also take to note that if you listen to the complete audio of Exhibit #5 not 1 single case was handled in the manner or language or under the same rules as any other case showing a complete bias and discrimination against me because all involved already knew what was going on and kept quiet to decieve Mr. Davison and hide there involment for gain.

(12)    Judge Mark Mihok stated on the record that he would not be modifying my bond and denied my motion. He then went on to indeed modify my bond at the end of the hearing after it was exposed that Mr. Davison was on the "GPS" and paying for it

with no one with authority to monitor it (See Exhibit #5
Preliminary hearing audio 01:00:26.). He then placed me on
"CSR" ( See Exhibit #6) Judge Mark Mihok a Judge for the city of
Lorain had a duty to uphold Mr. Davison's rights as well as
Prosecutor Santiago knowing ( See Ohio Constitution I Sec. 9---
10(A)(1)(2)(3)(4)(6)(7)(8)---O.R.C 2101.03---O.R.C 2937.222).
Mr. Davison knew something was not right and it took the
hiring of Attorney Clarissa smith to finally get any paperwork or
document from any person by way of discovery. Mr. Davison
noticed immediately that this was a violation of the sham legal
process used in Lorain County ( See O.R.C. 2921.52
(A)(1)(2)(4)(a)(b)(i)(ii)(iii)(c)(B)(1-4) because it happened to him
in 2016 in the exact same manner using the same documents
and procedure ( See case number 16CR093110 in Lorain
common pleas docket).  Again on 06/16/2024 after Mr. Davison
was unlawfully arrested after he was attacked by Charles Oliver
in Elyria Ohio Mr. Oliver approached Mr. Davison on west
avenue in Elyria on 16th street. And got out of his car in a
aggressive manor and advanced towards Mr. Davison ( Let the
record reflect that Mr. Davison and Mr. Oliver were not friends
due to the incident that happened in case number 16CR093110
(See Exhibit #7 Lorain County Docket) page id 2 of 4
05/11/2016 filing { motion to unseal search warrants and
supporting affidavits filed by defendant}. That as well as the
response from Judge John Miraldi and the clerk of court stating
they had no records of any search warrants.  ( See Exhibit #8
Request to clerk and court and responses pages 1-6) For the
violations stated above Mr. Davison seeks reimbursement of all
bond money, money for the 320$ month "GPS" attorney fees a
complete expungement of all criminal history and all rights fully
restored. Mr. Davison would like a investigation launched and
rules and guidelines and ordinances to ensure the public
protection from this. 500 million dollars in damages based off

the federal prison sentence and state prison sentences based off these types of convictions.

(13)     (See Exhibit #9 Bound Over Checklist pages 1–11-page id#1) Being Mr. Davison chose to have his preliminary hearing those documents and transcript of the hearing should have been the only thing that went to the grand jury but being the whole county of Lorain uses and accepts this sham legal process violation of O.R.C. 2921.52  which makes the whole arrest and detention and procedures unlawful of Ohio constitution violations as well as The United States Constitution. ( See Exhibit#10 Lorain Police Department Narcotics Investigative Report# 2022-34064 pages 1-8). At page id 8/8 last paragraph states exactly what he wants the grand jury to do and they do if it was in front of a real grand jury. Violated Mr. Davison's right to due process protected by the state and U.S. Constitution Det. Rodriguez as well as all involved swore a duty to uphold the constitution to make sure Mr. Davison's rights were protected as well as the courts instead all neglected their duties being they were all personally involved. Mr. Davison seeks expungement of all criminal records fines etc. Child support court cost. A investigation and committee set in place to govern and watch over this county and its officials. Return of all moneys lost, damages up to 500 million dollars as well as criminal charges filed on all involved. This is a clear pattern and custom used in Lorain County being the Elyria police and Lorain Police are using the exact same documents and procedures and the courts accept them and prosecute and sentence based off unlawful arrest convictions and profit off the forfeiture of bail money. Mr. Davison seeks damages of 500 million dollars also all rights restored.

(14)     Det. Rodriguez states in his own narrative report that on Monday, October 17th, 2022, he contacted Enterprise Rent A Car regarding the silver Dodge Ram bearing  Ohio License plate

number PLL 7980 operated by Andrew Davison on October 13th,2022 and utilized in CB 22-39. ( See Exhibit#10-page id 5/8 Dodge Ram). Det. Rodriguez states it was learned that Davison rented this vehicle from the Enterprise at 301 N. Leavitt Road, Amherst, OH on October 13th and was due back on October 18th. He would provide the address 2606 W. Erie Avenue, Lorain, OH (no apartment number) and the phone number (440)320-5313. ( See Exhibit #9-page id 5/11 warrant on complaint which was never lawfully issued only has a return stamp and the other is Det. Rodriguez impersonating a judge wasn't done until 11/07/2022 meaning he had no lawful way to request and receive my information, address, phone number in which enterprise gave him violating the privacy laws of Ohio as well as the u.s. constitution to be protected with their papers and property and Mr. Davison trusted enterprise car rental with his information and they solicited it to Lorain police and who knows who else. ( See Exhibit # 11 ENTERPRISE PRIVACY POLICY pages 1-8). ( See Exhibit #12 contract between Andrew Davison and CLERAC,LLC 1-2 PAGES) ( See Exhibit #10-page id 5/8) See Ohio Constitution Article I, Section 14 Search warrants and general warrants and U.S. constitution privacy policy. Making CLERAC,LLC liable for damages and losses suffered Mr. Davison as well is seeking 500 million dollars from CLERAC,LLC for violating the privacy policy with Mr. Davison and assisting Det. Rodriguez in this sham legal process Mr. Davison also seeks 500 million from the city of Lorain for the actions of Det. Rodriguez and his dereliction to duty.

(15)     On page 6/8 of Exhibit # 10 Det. Rodriguez goes on to state how he proceeded to violate Mr. Davison's privacy in his official compacity by contacting a representee for Lakeview Apartments Management who is Denise Nieto. Ms. Nieto is the same person heard on the ring footage offering to let the police in to Mr. Davison's apartment without a warrant or asking if

they have one. Det. Payne is heard asking you have a key? Knowing he didn't have a search warrant or apply for a non-consensual search still enters the apartment already knowing Mr. Davison is not there due to the ring contact and 911 call. Ms. Nieto has a key to all apartments in her official compacity as manager for Lakeview Apartments/CLERAC,LLC And had a duty to the contract of the lease with Mr. Davison ( See Exhibit # 1) as well as the laws for the Ohio Constitution and U.S. Constitution allowed police access to Mr. Davison's home and property without a warrant showing probable cause for her to breach the contract allowing Mr. Davison damages in which Mr. Davison seeks 50 million dollars and damages from the Lakeview Apartment Complex/CLEARC,LLC  for the actions of Denise Nieto in her official compacity as manager.  Detectives Payne, Rodriguez and two unidentified officers all in their official compacity's. Knowing they had no authority to enter Mr. Davison's home and search his property and belongings and seeks 500 million from the city of Lorain he also would like training and policies set in place to prevent this kind of conduct from officials.

(16)    While waiting on the indictment i had contacted attorney Anthony baker and informed him I had spoken to my parole officer Alfred Preston and relayed what was said at my hearing on 01/10/2023 asking did he tell Det. Rodriguez that I had not been in contact with him and that he supported a "GPS" on Mr. Davison because that was what was stated to the court and he took that into consideration on ruling on my motion to remove the "GPS" ( At the time the court as well as the prosecution had a duty to maintain the truthfulness of the record it was a fact in dispute that had a effect on a Judge making a ruling. Mr. Davison had to investigate the issue.) ( See Exhibit #5 Preliminary Audio starts at 23:06) Mallory Santiago told a complete untruth to the judge to modify Mr. Davison's bond

and Det. Rodriguez confirmed it. The "CSR" is a program to free up jail space in Lorain County Jail it guarantees a personal bond and Mr. Davison was now forced into this program by Judge Mark Mihok based off a lie on the record by Prosecutor Mallory Santiago and Det. Cielo Rodriguez. Mr. Davison did not have his 10,000$ dollar bail money returned nor was he not still obligated to pay the 320$ a month "GPS" which needed someone to monitor it but wasn't the person Santiago and Rodriguez had just mentioned. At that point Mr. Davison's rights were completely violated right to a reasonable bail ( U.S. 8th Amendment—Ohio Constitution Article I, Section 9—O.R.C. 2937.23 Bail Amount.) . Which none state should be determined by the Det. Or Officer also being he lied to get what he wanted, and it was challenged by Mr. Davison and Attorney Bakers contradiction statement it should have been investigated but it was not intentionally and avoided to hide the misconduct done and the dereliction to duty committed. Mr. Davison suffered the loss of 10,000$ bail money as well as 320$ for 11 months until this matter was finally cleaned up also having to report to "CSR" and submit urine samples with his genital area being stared at as well as having to travel to Tennessee with a "GPS" during his birthday vacation with not being able to swim because had Mr. Preston placed a "GPS" on me his you can swim but the private LOCKUP,LLC had not moved up to that tec at the time the vacation cost 7,000$. With the losses incurred Mr. Davison is seeking full reimbursement of all losses and funs and damages up to 500 million dollars plus complete expungement of all criminal records and full rights restored. A investigation launched into all individuals involved a review of the Sham legal Process used in the city of Lorain ( See O.R.C. 2921.52). A program or board to govern and watch over officials intentionally turning a blind eye to misconduct for financial gain through fund deposited into the

general fund of Lorain County by all Judges by order without the defendants knowledge.

(17)     Mr. Davison gave Attorney Baker Alfred Prestons cell phone number and they spoke, and he filed another motion to modify bond removing the "GPS" and to clarify the record being "CSR" had received a form with restrictions when Judge Mark Mihok had ordered none. But somehow the clerk or whoever did the document marked what they wanted and not what was stated. ( See Exhibit # 5 Preliminary Audio starts at 44:44--- See Exhibit # 9-page id 7/11) this is also a form of the sham legal process in Lorain County because on the audio you hear Mr. Davison state clearly that he wants to read it first because things change and indeed, they did being the paper contradicts the record. But Mr. Davison was still forced to suffer with threats of jail if I did not comply

(18)     Being Mr. Davison's case was not indicted the motion filed by Attorney Baker went in front of the Administration Judge of the Court of common Pleas for Lorain County who was Judge James Maraldi he denied my motion stating that the court takes entries over word of mouth. Mr. Davison stated the entry was not correct and the transcript says the truth, Judge James Maraldi told Mr. Davison he did not give legal advice and Mr. Davison's motion was denied. Mr. Davison felt discriminated against again because Judge Maraldi was the same Judge with the fake arrest warrants that lead to my federal conviction by jury for the documents used in the sham legal process used in Lorain County by two former Prosecutors from Lorain County Kelly Galvin and Robert Corts who Lorain and Elyria Police use by name as threats to seek federal charges. I had also filed a complaint to the Lorain County Bar Association on Judge James Maraldi for the documents representing his signature going unaddressed ( See Exhibit #

13--- search warrants pages 1-4)--- See also Exhibit #3 Freedom of information act letters to Judge Maraldi and clerk)

(19)      On 07/30/2023 Mr. Davison received a text message from Attorney Anthony Baker ( See Exhibit #14—text between baker and Davison) stating Mr. Davison had been indicted and that he had 6 charges now and from two different dates. Mr. Davison asked Mr. Baker how do we have different dates now when you asked Det. Rodriguez at the Preliminary hearing and he said 1 buy from 1 date? Mr. Baker stated he did not know, and he had not been able to see the discovery yet. Mr. Davison asked Mr. Baker what discovery? Because at the hearing they did not give us one piece of paperwork stating anything so where did another date come from? Mr. Davison was told his arraignment was on 08/03/2023 at 8:45 AM courtroom # 705. Attorney Baker had showed up late ( which had become a pattern that as soon as he walked in my name was called not giving us time to talk). When Mr. Davison's named was called, we met at the podium Mr. Baker asked if I had been served my indictment I stated no and on cue ( The sheriff approached with the indictment). As Mr. Davison was opening the envelope the Judge (unknown name) doing arraignments asked Mr. Davison his plea and asked if I waive reading of indictment and waiver to challenge the indictment. Mr. Davison stated he was just handed it so can I have time to read it? The unknown Judge answered well you don't have to waive anything or sign anything and Mr. Davison he would not be waiving or signing anything and was told he could leave in which he did. Time revealed that the narrative report instructed the alleged grand jury on what to do ( See Exhibit #10 Narrative report) how it made it to the grand jury or victor Perez or whoever I hope discovery and investigations will uncover grand jury tampering had just taken place.

(20)    Mr. Davison called attorney Baker and asked where they could get this information from being it was left out of the hearing, and nobody had given any type of police report. Mr. Baker stated we had to wait for discovery, and I stated it had to be some type of grand jury tampering because I don't see how the grand jury can have information we do not or even heard about. When discovery did come Mr. Davison seen the narrative report ( See Exhibit #10 Narrative report) had been done labelled first police report contradicting the complaint with the same number as well as affidavit which were not official documents in anyway even showing Det. Rodriguez was clearly stating he was swearing to him it says me. ( See Exhibit # 9-page id 3/11---4/11) with a forged signature of a unknown name or title in violation of all the court rules of everywhere. Sham legal process O.R.C. 2921.52---Using sham legal process. Mr. Davison has many state convictions as well as dismissals where not a dollar of bond money was ever returned just forfeited without his knowledge and split up and spread around a table of criminals taking advantage of a underprivileged child they knew his father had passed in front of him at 8 and his mother was uneducated and they preyed on the weak until GOD revealed their misdeeds by way of suffer and affliction forcing Mr. Davison to read the law and understand it but by then his fate was doomed but GOD said no it is not so for the damages incurred Mr. Davison requests all criminal state and federal record expunged, fines, court cost , debts, erased and all rights restored immediately Mr. Davison seeks damages in the amount of 500 million dollars and programs and boards as well as a internal affairs unit placed over all level of government in Lorain county with rules and guidelines. Mr. Davison would like investigations into all involved and those knowing of this conduct rules and training for clerks to pass to understand their positions.

(21)     Mr. Davison reached out to attorney baker with my concerns and letting him know about the narrative report to try to backdate the report but the narrative report was clearly after my arrest being it had information that dated after my arrest and Preliminary hearing and if this report was made after my hearing then who took it to the grand jury because they should have only had the transcript of the hearing being that was the only evidence submitted so who did this report and who did they give it to that could get it in the grand jury?. I felt attorney Baker was no longer being honest and could not be trusted any longer and I sought different counsel. Attorney Baker has taken money from me on three different cases and lost on purpose to aid in retaliating on me a civil suit in Lorain county totalling a 36,000$ loss my juvenile son paid retainer of 1,500$ to sell my son out and the actual person committing the crime never doing a day and my son incarcerated in Cuyahoga Boys School where his Judge Lisa Swenski ruling from off the bench after she gave Mr. Davison a option to pay 250$ for a custody hearing and post-pone sentencing for Santana Davison for a week. Mr. Davison complied with the order but a day before the scheduled resentencing received a phone call from Dwayne the bailiff for Judge Swiensky stating she had ruled from the bench and sentenced Santana Davison to 18 months in Department of Youth Services. On my custody hearing date Mr. Davison was told the state had custody and my case was dismissed with funds returned. The civil suit was dismissed that same week. Mr. Davison was sent to the same youth institution at the same age and seen the pattern they used on him they had planned for his son.

(22)     Mr. Davison retained Clarissa Smith on 08/17/2023 after he had sat in the Lorain County justice center  from 8 am until 12 noon when Mr. Baker finally showed up he walked into the courtroom stated they were having some type of emergency

and they set it now for 1:30 pm but Mr. Davison did not have to be there because we were not waving anything and just awaiting trial. That is when Mr. Davison left Lorain County Justice center and went to meet with Attorney Smith. On that same day 08/17/2023 5 filings were entered on the docket ( See Exhibit # 15---Docket for case # 23CR108101---08/17/2023) (1) Pre-trial conference not had. Matter rescheduled to 08/21/2023 at 8:30 a.m. (2) MOTION TO WITHDRAWL FILED BY ANTHONY BAKER, COUNSEL OF RECORD (3) DEMAD FOR DISCOVERY FILED BY THE DEFT. (4) NOTICE OF APPEARANCE FILED BY CLARISSA SMITH, COUNSEL FOR DEFT. (5) MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS FILED BY THE DEFT. A appeal is in process pertaining to this because the same day Attorney Baker was fired he waived my rights by signing my signature ( See Exhibit # 16---Text between baker and Davison page id 1/2).  Mr. Davison updated Attorney Smith on his case and his issues including but not limited to the statements made to Judge Mark Mihok in which I knew were false and she stated if those statements were false, and you challenged them the court considered those statements in making a ruling then that is an issue. ( See Exhibit #5--- Preliminary hearing audio starts at 23:06). Attorney Smith obtained the audio of the Preliminary hearing and heard the statements being made and by whom. Ms. Smith then contacted Alfred Preston to hear his side and he advised her that him and Det. Rodriguez did not have those conversations only that he told him of Mr. Davison's arrest in which he already knew and asked Mr. Davison's address from me and tow truck information. With the audio of the hearing Attorney Clarissa Smith made a motion to modify bond and a date was set for 11/13/2023.

(23)     At the hearing Prosecutor Mallory Santiago stated it was her on the tape ( See Exhibit # 17---Transcript of hearing

11/13/2023) and that whatever was said on the tape she said and that any information she told to the court she had received from case and chief officer Det. Roriguez. Det. Rodriguez was called as the next witness and he stated he could not recall the full incident but that he did not remember talking to Alfred Preston about bond or "GPS" just that he was worried because I had not been in contact again the Judge James Maraldi tried to get him to clarify when he repeated the same thing. Det. Rodriguez stated he would be shocked if Alfred Preston stated different in which Clarissa Smith proffered for Alfred Preston based off her conversations had with Alfred Preston Judge Maraldi ruled that he believed her proffer and denied my motion in part and granted my motion in part Mr. Davison now no longer had to pay for the "GPS" in a program where he was the only one paying and had to pay 10,000$ where everyone else had personals clearly discriminating against Mr. Davison. For the money loss I would like full reimbursement and in damages I seek 500 million dollars an investigation and rules and policy changed and govern over.

(24)     Mr. Davison's trial was less than 30 days away, so the truth was the only victory because nobody still did not investigate or try to clear up the true record. Det. Rodriguez was actually able to invent a whole new reason to keep the "GPS" which he new from my arrest date being he stayed at the county jail listening to every free call i made. Being this is the practice in Lorain County to do not give anyone a phone call at any police station but wait until the free phone at the county to listen does not matter if it is a attorney call or not nobody has rights in Lorain county.

(25)     On 11/13/2023 I left court and went to the Lorain Police Department to obtain information on how to file a complaint against Det. Rodriguez for violating my rights by making false statements on me on the record to the court, also for

destroying my ring camera and for taking my money and cell phone illegally. All in his official compacity as a police officer and after swearing to uphold the constitution ( See O.R.C. 2913.02---2921.11---2909.06). Mr. Davison bail was modified 3 times none to benefit him, his ring camera was destroyed and his money was taken on 01/03/2023 the case was dismissed on 01/30/2024 and as of to date 06/20/2024 I have still not received my money or property taken bail money, attorney fees nothing but retaliation and misconduct i believe this to be a monell claim as well and ask for all property returned all rights restored and 500 million dollars for damages and a program put in place like internal affairs to watch over these municipality's.

(26)     Mr. Davison filed a complaint on 11/16/2023 which by the Lorain police webpage it takes 60 days to investigate a "serious matter" and as of today is still ongoing. I have emails from the investigator Kyle Gelinus stating this investigation is being prolonged intentionally but marked confidential I would ask to leave room to file a motion under rule 15 to amend the complaint with more evidence.  Mr. Davison then attempted to contact the city law director ( See exhibit # 18---Phone calls to Patrick Riley City Law Director). Patrick Riley who is the city law director for the city of Lorain. Mr. Davison was told by Lorain police that is who he must contact to file a complaint on Prosecutor Mallory Santiago to (seek the law director to reach out to Alfred Preston. I was told by Patrick riley secretary that he had just went on vacation that day and that Mr. Davison had to wait until the 20th until he was back, and that Patrick Riley was the only person Mr. Davison could file a complaint with or gather information to file a complaint. ( See Exhibit # 18--- Phone calls to Patrick Riley). On 11/20/2023 Mr. Davison called back and was told by the same secretary that Mr. Riley was in a meeting, Mr. Davison called back the next day and was told he

was in a meeting with the mayor, Mr. Davison called back again and was told he would contact me back by close of business that day in which he did not. ( See Exhibit # 19---Duties of the law director--- See O.R.C 2921.31 Obstructing official business---Ohio Const Article I, Section 16 Redress for injury; Due process---U.S. 5th Amendment). It is a fact that Mr. Riley knew why Mr. Davison wanted to speak with him but he was trying to avoid knowledge of the sham legal process used in Lorain just like Elyria police departments ( See O.R.C 2921.52) He was in his official compacity so he had a duty to investigate and hear my complaint but being the arrest was unlawful using the sham legal process he tried to avoid Mr. Davison. The next day Mr. Davison called again and was informed that Mr. Riley would not take my call, nor would he return my call or give me information on how to file a complaint or take my complaint denying Mr. Davison the grievance process. I believe that is so wrong that a citizen seeks information to do things the right way and is told no just because of bias and trying to protect an employee who has committed misconduct. ( It was Mr. Riley's duty to protect the record and rights of Mr. Davison as well as take the complaint on prosecutor Mallory Santiago, but he intentionally neglected his duty to help cover up a crime committed against Mr. Davison it could have stopped the events that proceeded afterwards. Mr. Davison seeks return of all money and property as well as attorney fees and court cost. An expungement of his complete criminal history and all rights restored. A Internal Affairs division set up to watch all Lorain county courts,police,clerks,judges,. Damages in the amount of 75,000$ not to exceed 500 million dollars. An investigation into all involved parties and those having knowledge of these common practices used in Lorain County. ( Let it be known Attorney Smith did advise Mr. Davison that the law director did contact her, so he did know the truth)

(27)     Mr. Davison's trial date remained 12/07/2023 in which I
had no intension of changing because the evidence against Mr.
Davison that he was allowed to see did not seem like it
supported what was being claimed. Mr. Davison asked Attorney
Smith when he would be allowed to see the alleged buys and
phone calls and Ms. Smith stated Prosecutor Victor Perez had
put something on the evidence stating for attorney's eyes only.
( Let the record note Ohio rules of professional conduct rule 8.3
and being victor Perez was using a jail phone call stating he
knew the identity of the individual he was only doing this to
deceive or mislead Mr. Davison in some way). Mr. Davison
asked Ms. Smith doesn't that play a part in my decision to go to
trial or not? And she stated yes, and she would ask the court or
prosecution to remove the order in which it was denied. Mr.
Davison still maintained his innocence and decided to proceed
with trial. ( Victor Perez had access to the grand jury being a
prosecutor in the county of Lorain ( See O.R.C. chapter 2939---
section 2939.10) in his official compacity so it was either him
and Mallory Santiago or Det. Rodriguez all acting in their official
compacities to violate Mr. Davison's right to due process as
well as rights to evidence as well as rights to a grand jury. For
the damages incurred for this malicious misconduct Mr.
Davison ask for a complete criminal history expungement of
the county of Lorain also any debts or court cost. An internal
affairs division to watch over the court and county jail
employees. A full return of all property and moneys lost to bail,
attorney fees,"GPS" payments vacation cost. As well as
damages of 75,000$ not to exceed 500 million dollars. An
investigation into all involved and had knowledge of this
ongoing common practice of prosecuting and sentencing under
this sham legal process used in the city of Elyria, city of Lorain,
county of Lorain with all judges, lawyers, clerks, prosecutors
investigated, and proper charges filed.

(28)    On 12/06/2023 Attorney Smith contacted Mr. Davison stating the court had asked her was there any last-minute motions that we had planned on filing before trial tomorrow. Ms. Smith stated there were a few she was considering, and the bailiff Beverly asked was one a speedy trial rights violation? Ms. Smith stated that's one of them and Beverly advised Ms. Smith to file the motion before trial.

(29)    On 12/07/2023 Mr. Davison went to court and was expecting his trial but was advised by attorney smith that trial was cancelled by the court due to the motion to dismiss for speedy trial violations. Mr. Davison asked Ms. Smith well we can still have the trial, right? And she stated they don't want to. Ms. Smith also advised Mr. Davison that Victor Perez was alleging Mr. Davison waived his speedy trial rights through attorney baker ( See Exhibit # 16---Text between baker and Davison). Mr. Davison let Attorney Smith know that he had never signed anything waiving speedy trial and that on the date mentioned 08/17/2023 and that Mr. Davison sat in the courtroom hallway from 8 a.m. until 12:30 p.m.

(30)    Since Mr. Davison filed his complaint on Det. Rodriguez Kyle Gelinus for the Lorain police department professional standard board has completely neglected the investigation and has omitted through email to Mr. Davison that his chief of police has instructed him to put every case in front of my complaint which as of 06/21/2024 still has not been resolved and the page states a 60-day investigation period. The emails from Kyle Gelinus are marked confidential so Mr. Davison ask to file those emails under rule 15 when he is allowed. I have received threats from the Lorain and Elyria police and gave the phone numbers to Kyle Gelinus in which he claims to be waiting on the grand jury to reveal the callers and people who made the threats. Kyle Gelinus is a police officer in his official compacity for the Lorain police department he is appointed to

handle the professional standards complaints, but it is clear he is obstructing justice intentionally trying to protect Det. Rodriguez and hide the fact of the sham legal process used in the city of Lorain by Det. Rodriguez and others. Mr. Davison rights to due process are violated as well as the losses that came after he seeks a full expungement of criminal records and all rights restored as well as an investigation into all involved or with knowledge of this conduct as well as a internal affairs unit established over the professional standards board who has no guidelines to follow. Damages in the amount of 75,000$ not to exceed 500 million dollars.

(31)     On 02/04/2024 I tried to file a police report for threatening phone calls and someone texting me about guns and drugs ( See Exhibit # 20-21---Text messages from police numbers (440-671-3951) (219-258-6625).) I spoke with a officer Hargrove and a Sgt. On body cam footage I was asked who I thought it was and I stated Lorain or Elyria Police officers. At that time a sergeant Unnamed came with body cam and Mr. Davison was told to file a complaint and add it to the one against Det. Rodriguez Mr. Davison did not want that because he was not certain it was Det. Rodriguez.

(32)     On 01/30/2024 Mr. Davison's case was dismissed for speedy trial violations in Lorain County Court of Common Pleas.

(33)     The Discovery has revealed that it was prosecutor Mallory Santiago who took the complaint from Det. Rodriguez as well as the first affidavit that I do not believe anyone would have issued an arrest warrant as well as Det. Rodriguez saying a buy happened in a city where he is not a police officer.

(34)     Also, who ordered him to write the narrative report and how did it get to a grand jury with specific instructions, and they indeed happen? He is doing all these things in his official compacity using others in their official compacity's to commit misconduct to deprive Mr. Davison of his freedom and liberty's

while knowing its all illegal under O.R.C. 2921.52--- Using sham legal process. The courts allow and accept it and receive money from sentences from it. They also put on the docket capias and forfeit all bond money on Mr. Davison who even if he has a case dismissed never receives 1 dollar of bail money this a severe ongoing problem in the city of Elyria and Lorain who accept it through the county of Lorain. Mr. Davison has been sentenced to a total of 18 years of his 41 in prison state as well as federal he is asking that his complete criminal history in the state be expunged, and all rights be restored. Return of all bail money, lawyer fees, court cost, be returned to Mr. Davison case by case. As well as his federal conviction overturned for this sham legal process accepted by AUSA Kelly Galvin and she being had used it in the past on Mr. Davison in Lorain County plus the evidence showing now what was stated to Judge James Gwin that this was indeed a illegal conviction based off the sham legal process in Lorain County in the two city's of Elyria and Lorain for sure.

(35)    Victor Perez never answered my motion to compel limine trying to hide the truth of the matter it was illegal and staged by Lorain Police to make me think I committed a Crime to get money from Mr. Davison for a 100,000$ bond 320$ monthly "GPS" payment to a ex Lorain police officers' company and to steal my money and property which as of today has still not been returned 06/21/2024. Victor Perez also lied to me and told me I was not allowed to sit in the courtroom on the day he and Attorney baker conspired to form my signature on a waiver of speedy trial rights. Victor Perez accepted the narrative report made by Det. Rodriguez and accepted it knowing it was made after Mr. Davison's Preliminary Hearing and placed it in the hands of the grand jury and added charges from different days and different city's where Det. Rodriguez is not even a police officer. As well as having police officers from a different

city help in his misconduct. Victor Perez was acting in his official compacity when he tampered with grand jury evidence and violated the rules of evidence made a false statement to Mr. Davison and reached out to keep Alfred Preston from coming to the hearing by any means trying to hide the truth. He had a duty to tell the truth and maintain truth to the record but by accepting the false arrest of Mr. Davison knowing it was brought about using the sham legal process O.R.C. 2921.52 he was in for personal gain for money a common practice used in Lorain County. Mr. Davison seeks return of all property and money taken, reimbursement for attorney fees, bond money, "GPS" payments, court cost and fines civil money lost in civil suit. Expungement of any criminal record for Mr. Davison with all rights restored. Internal Affairs implemented in Lorain County and damages from 75,000$ not to exceed 500 million dollars for the injuries incurred.

(36)     On 06/16/2024 Mr. Davison was attacked by Charles Oliver a C.I. for the Elyria police department Mr. Davison had just wrecked his motorcycle two weeks prior and Kyle Gelinus had sent Mr. Davison a email informing him he heard that Mr. Davison's civil suit had been terminated. On 04/30/2024 Mr. Davison seen the Lorain Police Det. Unit outside his home at 2606 W. Erie Ave Lorain oh 44053 for 2 days straight so Mr. Davison fled for his safety and stayed with a relative in Elyria. Mr. Davison believes it to be the Lorain Police Department as well as the Elyria police department working together to retaliate against Mr. Davison by sending Mr. Oliver to attack Mr. Davison while he was injured a fight ensued in which Mr. Davison had to use a knife to defend himself. Mr. Davison was on the scene and told the police exactly what happened and that he was defending himself. The authorities who use the Sham legal Process O.R.C. 2921.52 as a regular custom choose to do it again trying to deprive Mr. Davison of his rights. While

Mr. Davison was in the Elyria Police station in an interview with Det. Demarco and Det. Larson, he was told to wait a moment while the footage of the incident was retrieved from a bar named Just One More. Det. Larson had stated to Mr. Davison that the bar had cameras directed at the exact location of the incident for that purpose to help the Elyria Police with community watch. 5 minutes later the door opened and two officer not known by name entered and told me to stand up and that I was being arrested for Aggravated robbery and Felonious Assault. Mr. Davison asked how and we were waiting on video, and one stated I'm just doing what I'm told. Mr. Davison had been assaulted with a barstool and many other objects as well as his previous motorcycle wounds reopened, I asked for medical attention before they took me to the county and as Mr. Davison stood there bleeding still from the incident, he was not even permit to wipe the blood or a phone call to inform his family of his situation and secure his property. ( THOMAS V. CITY OF HARRISBURG, 88 F.4th 275 (3rd Cir. 2023) Lexi policy provides that "officers who reasonably suspect a medical emergency should request medical assistance as soon as practicable." Specific guidance on requesting medical aid is provided in the Use of Force , Handcuffing and Restraints, Control Devices and Techniques, and Conducted Energy Devices and policies.) Being these two Elyria police officers unknown name and badge but can be found through discovery had a duty in their official compacity to give Mr. Davison Medical attention when requested before transporting him to another facility they intentionally denied him medical treatment from following orders of someone they called on a cell phone. Mr. Davison rights to medical assistance were denied and his would become infected he is asking for a complete investigation into the officers as well as training and damages of 75,000 not to exceed 500 million dollars.

(37)     Mr. Davison had asked the police officer on scene car #137 to raise his car windows and lock his car doors in which he stated he would do but instead he lied to Mr. Davison and in fact had his car towed for no reason other than to have to make Mr. Davison pay for it and cost him money out of hate. In which from the 06/16/2024----06/18/2024 cost Mr. Davison 202.28$

(38)     Mr. Davison arrived at the Lorain County Jail and instantly requested medical treatment as the sign states on the window if needed. The nurse on site at the time only took Mr. Davison's blood pressure and assets his wounds and stated the on-site doctor would not be back until tomorrow. Mr. Davison wrist was clearly swollen, and she requested a x-ray for the next day. The officer driving police car 137 said he is not getting medical attention and Mr. Davison was placed into cell #2. In cell number 2 Mr. Davison noticed the room had not been cleaned in what looked to be months being there were 8 blankets on the floor as well as urine on the floor as well as left over food, toilet, paper etc. "filthy". Mr. Davison then requested a nurse again to clean his wounds and bandages to stop the bleeding. The nurse on site stated I would get all of that after I was booked in. Corrections officer Unnamed entered cell 2 and tried to get Mr. Davison so sign to charges but when Mr. Davison seen Agg Robbery he demanded to see a report in which the document he was trying to get Mr. Davison to sign was acknowledging that I received a copy of the charges in which Mr. Davison had not in fact he seen every single person get a copy of there charges but Mr. Davison so he felt discriminated against and he was already aware of the Sham Legal Process in Ohio O.R.C 2921.52 and he had noticed how everyone played a part in it like the corrections officer trying to get Mr. Davison so acknowledge paperwork he had not received. At the time a sheriff deputy was dropping someone

off at the county jail and handing him his paperwork, so Mr. Davison asked sir is everyone supposed to be given a copy of their charges? In which he stated if I was behind that glass I would like to sure know why. Mr. Davison advised him he needed medical treatment in which he relayed to corrections officer Atkinson. Corrections officer Atkinson responded he isn't getting anything until he signs for the charges Mr. Davison stated I will sign when I receive a copy and that I would like to call my Lawyer to find out if this is lawful. Corrections officer Atkinson then proceed to cut the power to the phone in cell 2 and stated that he was Mr. Davison's daddy in there and that he was going to fuck my mother and have sex with my girlfriend. Mr. Davison requested medical treatment again and was denied the air conditioning was then turned up so High that Mr. Davison body was convulsing, and his blood was drying up down his leg as well as starting to clot. I was denied medical treatment as well as a blanket for 24 hours or a phone call. ( The Fourteenth Amendment of The United States Constitution states I can speak with a attorney of my choice) the Elyria Police and Lorain County Sheriffs office intentionally neglected Mr. Davison's rights based off bias and retaliation and they were using the Sham legal Process to falsely arrest and detain Mr. Davison to make him pay bail money and tow money all illegally. The next day Mr. Davison was told if he did not sign the papers and take a photo, he would not be able to see a Judge for arraignment and that I would just sit there until I did so I was forced to comply. All the police and corrections officer Atkinson, Hennessy, unnamed, all were working for the city and county in their official compacity's when they denied Mr. Davison of his constitutional rights of a phone call of medical attention when requested for giving everyone a blanket but Mr. Davison discriminating against him and laughing in his face as they did so add insult to injury. (This whole incident is on video

at the Lorain county jail I am told I need a subpoena for any request made in Lorain County From this point. Also, the doctors report from who only seen Mr. Davison as he was being released because he had to and he cleaned and bandaged my wounds a day later and ordered a x-ray for my wrist but I was being released but the doctors notes can be subpoena showing Mr. Davison had serious injury's and was denied medical by Elyria Police and Lorain County Sheriffs office. Mr. Davison would like all corrections staff who denied Mr. Davison his right to a phone call as well as medical attention nurses as well fired immediately. As well as all the officers who discriminated against Mr. Davison denying him a blanket and giving everybody else one denial of human basic rights everyone on the video which I wish to get by way of subpoena. Mr. Davison would like damages in the amount of 75,000 not to exceed 500 million dollars for damages incurred and rights violated.

(39)     On 06/17/2024 Mr. Davison was called for the arraignment in front of Judge Robert C. White in the Elyria municipal court via zoom from the county jail Mr. Davison had asked another inmate to place a call to Attorney Clarissa Smith and ask could she be retained for the hearing in which she stated ask for a continuance to the afternoon or next day that way I can attend she stated I was allowed counsel at every level of the system. Mr. Davison tried to state this to Judge White but was told to be quiet and to shut up and that this was not a plea being taken today so I was in fact not entitled to an attorney. Mr. Davison had still not been given any type of paperwork, so he did not have a clue why he was there or for what charges because he believed to be defending himself from a attacker. Prosecutor Matt Kishman stated that witness says Mr. Davison stated he did not like snitches and started cutting Mr. Oliver in the face and Mr. Davison is on 5 different body cams never stating that once, he went on to state Mr.

Davison robbed Mr. Oliver another lie then he went on to state that Mr. Davison had a warrant for his arrest which he knew to be a blatant lie because Mr. Davison had his name ran just the day before and he was clear. When Mr. Davison tried to interject Judge White once again told Mr. Davison to be quiet. Judge White took all spoken to him into consideration and set bail at 175,000$ and scheduled a preliminary hearing for 06/24/2024. Mr. Davison was then allowed a phone call and proceeded to post bond but heard no mention of his self defence claim mentioned. While awaiting the bond I was told I had to go to court at 2 p.m. at Elyria municipal court for my preliminary hearing, Mr. Davison stated he was just told by the court it was for 06/24/2024 in which the guard stated they moved it up to the same day. Mr. Davison stated he still had not received a report or any type of evidence and just stated that Ms. Smith was in a murder charge in Cleveland and was not available. Mr. Davison was transported to the Elyria municipal court and placed in a holding cell with other people. When Mr. Davison was called, he was met by a unidentified black male who he believes to work for one of the judges and he asked Mr. Davison did he want to have his preliminary hearing or postpone it? Mr. Davison he was just told his preliminary hearing was set for 06/24/2024 that morning at his arraignment he said well ok sign this saying its on the 24th ( See Exhibit # 22---Hearing notice 1). Mr. Davison read the second paragraph stating " Defendant respectfully moves the court to continue the within charge(s). Time requirement for speedy trial prescribed by R.C. 2945.71 is hereby waived." And stated I am not signing that this is the Sham Legal Process O.R.C. 2921.52 . Mr. Davison went on to state that there is no other signature on the paper why would he agree to that in which the male only known by description said so you're not signing it? Mr. Davison stated no. He left and came back and gave me a

copy that said copy ( See Exhibit # 22---Hearing notice 1). 10 minutes go by, and Mr. Davison is called again this time by a police officer named Perkins #264 for the Elyria Police Department he handed me a paper stating complaint on one side and warrant for complaint on side b ( See Exhibit # 23--- Perkins #264-Complaint warrant on complaint). At 9 a.m. prosecutor Matt kishman stated on the record to the judge in considering bond that Mr. Davison had a warrant out for his arrest having full knowledge of where he is and the file stamp on Exhibit # 23 says 3:15 p.m. so he is the director of this conduct or in collusion for sure being he knew of a arrest warrant to come 5 hours in the future. But just like all the other documents these were not official documents lacking rules from the clerk of court, Ohio revised code, u.s codes, theses documents that I have received are only allowed in the Sham Legal Process used in the city of Lorain and Elyria and accepted by the county of Lorain being even the corrections staff play a role in violating's individuals rights like Mr. Davison. All named and unnamed individuals are and were working in their official compacity's for the city of Lorain as well as the city of Elyria in the county of Lorain who accepts this common practice with no regulation or regard for humanity. Mr. Davison would like to leave to file additional information under rule 15. He would like all investigated and prosecuted a return of all bail money, an expungement of all criminal charges and have all rights fully restored. A committee to govern over Lorain County. Damages of 75,000 not to exceed 500 million dollars.

(40)     After being transported back to the county jail Mr. Davison was told he now had to pay an additional 750$ for a new criminal damaging charge. Mr. Davison posted the bail and was released still not having any paperwork he met with the bail bondsman and gave an additional 3 thousand dollars and was told he had court on 06/18/2024 at 9 a.m. in the Elyria

Municipal Court ( See Exhibit # 24---AFTER/HOUR BONDS RECOGNIZANCE OF ACCUSED / PRISONER RELEASE). Being Mr. Davison still had not received anything for the felonious assault charges or agg robbery he went to court at 8 a.m. to go to the clerk to request a copy of all papers filed with case # 2024CRA01459 Incident Report # 24-17070 Incident Number # 2024-17087 the clerk provided me with the following ( Exhibits # 25--- Complaint/Warrant on complaint Incident # 2024-17087)—( Exhibit # 26---Complaint/Warrant on complaint Incident Report # 24-17070)---( Exhibit # 27---Hearing notice 2 different from Exhibit # 22)---( Exhibit # 28---Appearance Bond)---( Exhibit # 29---Initial Appearance/Notice of Hearing for case #2024CRB01470)---( Exhibit # 30 Initial Appearance/Notice of Hearing for case # 2024CRA01459). After a short review I asked her why none of the papers had signatures by anyone in which she stated she did not know because she did not file them. Mr. Davison asked well who filed them because where the clerk who filed them should have signed was left blank. She left and returned with a gentlemen only seen on video by exhibit as well as the female clerk who I was told I was not allowed to have her name and to take my issues to the Judge upstairs ( See Video) Mr. Davison was stating to the clerk that this was the definition of Sham legal Process O.R.C. 2921.52 violating every Ohio Constitutional right as well as the United States Constitutional rights and Mr. Davison had just realized the 18 years plus in prison were based off the city of Elyria and Lorain using the Sham Legal Process and Lorain county court of common pleas accepting and knowing it to be illegal just for personal gain and Favors and money. Every named person and unnamed person were working in their official compacity at all times, and all had duties and swore to uphold both constitutions and they neglected to do that intentionally because of bias and hatred towards Mr. Davison they were

sentencing him to a lifetime of suffer by way of illegal means. Mr. Davison would like all bond money returned. Complete expungement of entire criminal history will all rights restored immediately. An FBI and DOJ investigation into Lorain County and see how long this policy has been accepted and used to rob citizens of their liberty and freedom property and money.

(41)     Mr. Davison would like to ask the court for a motion to Amend a complaint under rule 15.

(42)     Prayer for Relief

WHEREFORE, Plaintiff demands that judgement be in his Favor on all counts and prays the Court award the following relief.

a. Compensatory damages in an amount exceeding the jurisdictional amount in controversy requirement, to be determined at trial, for the violation of Plaintiffs decedents rights and his unlawful arrest.

b. Punitive damages in an amount to be determined at trial for the Defendants wilful, wanton, malicious, and reckless conduct.

c. Declaratory and injunctive relief against Lorain County enjoining unlawful policies, practices, and customs and ordering the institution of policies, procedures, and training for the Elyria police and Lorain police and court of common pleas as well as the municipal courts of Lorain and Elyria to bring them into compliance with Constitutional standards.

d. Attorney's fees and cost of this action pursuant to law; and

e. All other relief which this Honourable Court deems equitable and just

A JURY IS REQUESTED TO HEAR THIS MATTER.

ANDREW J. DAVISON

253 13th st

Elyria, OH 44035

440-396-4791